UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN PAUL WATSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, et al.,<br><br>Defendants. | No. 2:25-cv-2437-DC-AC<br><br><br><br>ORDER |

Plaintiff is proceeding in pro se and has paid the filing fee. The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the claims arose in Pasadena, California, which is located in the Central District of California. ECF No. 1 at 5. The plaintiff a resident of Texas, and defendants are a corporation located in Virginia and federal entities located in Washington D.C. and Virgina. Id.

1

at 1-2.  The facts of this case and the parties have no connection to the Eastern District of California.  Therefore, plaintiff's case should have been filed in the United States District Court for the Central District of California.  In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

DATED: August 28, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE